UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EDUARDO NAJERA,

                        Petitioner,                   **DECISION AND ORDER**

         -against-                           21 Civ. 7190 (CS) (AEK)

LYNN J. LILLEY,

                        Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

To protect the identity of a child rape victim in this habeas proceeding, Respondent has submitted a letter motion requesting permission to place under seal in their entirety the documents filed by Petitioner at ECF Nos. 1-1 and 1-2, and to place under seal the document filed at ECF No. 1-4 with a redacted version (as proposed at ECF No. 13-1) to serve as the publicly accessible version of that document.  ECF No. 13 ("Resp. Letter").[1]  For the reasons that follow, the motion to seal ECF Nos. 1-1, 1-2, and 1-4 is GRANTED.  In addition, Respondent requests an extension of time to file an answer, motion, or other response to the petition and to file the relevant state court records.  That application is also GRANTED, as specified below.

On March 6, 2017, Petitioner was convicted, upon a guilty plea, of first-degree rape in the Supreme Court of the State of New York, Rockland County.  *See* ECF No. 1 ("Petition") at 1. In the Petition, Petitioner challenges his conviction on two grounds: (1) the "police interrogation" of the Petitioner violated his Fifth Amendment right against self-incrimination;

---

[1] The letter motion also requests an order directing the release of certain state court records to the New York State Attorney General as counsel for Respondent.  The Court will address this request via a separate order.

and (2) Petitioner's due process rights were violated when the trial court failed to hold an evidentiary hearing on Petitioner's claim that his counsel coerced him into entering a guilty plea. *See* Petition ¶ 12.  In support of his habeas claims, Petitioner attached to the Petition, among other things, a transcript of the "police interrogation," ECF No. 1-1, a transcript of the hearing on his motion to suppress statements made during the "interrogation," ECF No. 1-2, and the state court decision on Petitioner's motion to withdraw his plea, ECF No. 1-4.  These documents, which are part of the state court record, reveal the full names of both the child victim and her mother, as well as their home address and other facts and information tending to identify the victim.  Respondent asserts that both individual and state interests in protecting the victim's identity outweigh the presumption of public access to court documents.  *See* Resp. Letter at 2.

There is a "common law right of public access to judicial documents," which is "firmly rooted in our nation's history" and which creates a rebuttable "presumption" in favor of public access to judicial documents.  *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006).  In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  In determining how much weight to afford the presumption, courts must consider "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Lugosch*, 435 F.3d at 119.  After determining the weight of the presumption, the court then must weigh "competing considerations," including, among other things, the "privacy interests of those resisting disclosure" and the "danger of impairing law enforcement or judicial efficiency."  *Id.* (citing *Amodeo*, 71 F.3d at 1049).  A court may seal judicial documents if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest."  *ABC v. XYZ*

2

*Corp.*, No. 18-cv-11653 (JGK) (JLC), 2019 WL 1292503, at *2 (S.D.N.Y. Mar. 19, 2019) (citing

*Lugosch*, 435 F.3d at 119), *adopted by* 2019 WL 1304466 (Mar. 20, 2019).

Though Respondent does not specifically address the issue of whether the documents in

question are "judicial documents," they plainly are.  Instead, Respondent focuses on the weight

to afford the presumption in favor of public access to these documents, and argues that the

transcript of the "police interrogation," the transcript of the hearing on Petitioner's motion to

suppress, and the state court decision on Petitioner's motion to withdraw his plea "will have no

role whatsoever if the action is dismissed on threshold procedural grounds, such as

untimeliness," given that Respondent intends to move to dismiss the Petition as untimely.  *See*

Resp. Letter at 1 n.1 & 2.  Respondent further maintains that even if the motion to dismiss is

denied, the "interrogation" and suppression hearing transcripts would still not be relevant

because an alleged Fifth Amendment violation could only have occurred if Petitioner had gone to

trial instead of pleading guilty.  *Id.* at 2.

But even if the Court were to find that all of these documents were more relevant than

Respondent suggests to the resolution of this habeas proceeding, the basis for sealing the records

at issue—protecting the identity of the child rape victim—provides a compelling reason to limit

such access.  Moreover, as Respondent notes, Section 50-b of New York State's Civil Rights

Law requires that the identities of sexual assault victims remain "confidential" and that no public

employee make "available for public inspection" any document identifying the victim or disclose

any document which "tends to identify" the victim.  Indeed, it is common for courts in this

District to grant requests for sealing orders to protect a sexual assault victim's identity.  *See, e.g.*,

*Scott v. Graham*, No. 16-cv-2372 (KPF) (JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17,

2016) (granting request to file response to habeas petition under seal to protect identity of victim)

(collecting cases); *Williams v. Lempke*, No. 11-cv-2504 (PGG), ECF No. 7 (S.D.N.Y. June 20,

2011); *Archbold v. Hessel*, No. 08-cv-3898 (SHS) (FM), 2011 WL 2671527, at *1 (S.D.N.Y.

June 20, 2011) (noting motion to file state court records under seal was granted to protect

privacy of sexual assault victim), *adopted as modified,* 2011 WL 2946169 (S.D.N.Y. July 19,

2011); *Martich v. Smith*, No. 08-cv-6277 (SAS), 2009 WL 2043894, at *1 n.4 (S.D.N.Y. July 14,

2009) ("[T]his Court granted respondent . . . leave to place under seal the federal habeas corpus

petition and copies of all state records, in order to protect the privacy of the sex offense victim

pursuant to N.Y. Civ. Rights Law § 50-b."); *Hardison v. Artus*, No. 06-cv-322 (LTS) (AJP),

2006 WL 1330064, at *1(S.D.N.Y. May 16, 2006) (noting state court records sealed to protect

privacy of sexual assault victim pursuant to Section 50-b of the N.Y. Civil Rights Law), *adopted*

*by* 2006 WL 1763678 (S.D.N.Y. June 23, 2006).

The privacy concerns with respect to the identifying information in the state court

decision on the motion to withdraw the plea, ECF No. 1-4, may be addressed through redaction

of that document as requested by Respondent.  In the "interrogation" and suppression hearing

transcripts, however, there are numerous references to either the child victim's name, the

victim's mother's name, or other facts and information that would tend to identify the child

victim throughout the documents, *see* Resp. Letter at 3-4, and redaction of those filings would

not be practical.

The restriction of access to the documents filed at ECF Nos. 1-1, 1-2, and 1-4 is

warranted for the reasons set forth herein.  The "interrogation" and suppression hearing

transcripts (ECF Nos. 1-1 and 1-2) must be sealed in their entirety, and the state court decision

(ECF No. 1-4) must only be available in the redacted format proposed by Respondent in ECF

No. 13-1.  These actions are "narrowly tailored" to serve the higher value of safeguarding the child victim's identity.

\* \* \* \* \* \* \* \* \*

In addition, Respondent's motion for an extension of time is GRANTED.  Respondent's deadline to file an answer, motion, or other response to the Petition is hereby extended to February 14, 2022.  Petitioner's deadline to file his reply, or his opposition to any motion, is extended to March 18, 2022.

\* \* \* \* \* \* \* \* \*

For the foregoing reasons, Respondent's motion to seal the documents filed at ECF Nos. 1-1,1-2, and 1-4 is GRANTED.  The document filed at ECF No. 13-1 shall serve as a publicly accessible substitute for the document at ECF No. 1-4, and the documents at ECF Nos. 1-1 and 1-2 shall be maintained under seal in their entirety.  The Clerk of the Court is respectfully directed to place the documents filed at ECF Nos. 1-1, 1-2, and 1-4 under seal, with access limited only to the parties to this litigation and to the Court.

Respondent's motion for an extension of time is also GRANTED.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 13 and to mail a copy of this order to *pro se* Petitioner.

Dated: January 14, 2022
       White Plains, New York

                                        **SO ORDERED.**

                                        _____
                                        ANDREW E. KRAUSE
                                        United States Magistrate Judge