UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
EDUARDO NAJERA,

                Petitioner,

      -against-                                      ORDER

LYNN J. LILLEY, Superintendent,            No. 21-CV-7190 (CS) (AEK)

                Respondent.
------------------------------------------------------x

Seibel, J.

        Before the Court is Petitioner's objection, (ECF No. 29 ("Obj.")), to the Report and Recommendation of United States Magistrate Judge Andrew E. Krause, (ECF No. 26 (the "R&R")), recommending that this Court dismiss Petitioner's application for a writ of *habeas corpus* as untimely, and Respondent's response thereto, (ECF No. 30). The Court assumes the parties' familiarity with the underlying facts, the procedural history of the case, the R&R, and the standards governing petitions pursuant to 28 U.S.C. § 2254.

        A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352

(E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Petitioner objects that Magistrate Judge Krause, in determining whether equitable tolling of Petitioner's late-filed Petition was appropriate, overlooked the fact that Petitioner pursued his rights diligently. (Obj. ¶ 4.) Judge Krause did not disregard the reasonable-diligence prong of the equitable-tolling test, nor did he find that Petitioner was not diligent. Rather, he assumed for purposes of his decision that Petitioner had acted diligently, but found that equitable tolling was not warranted because Petitioner had not shown extraordinary circumstances. (R&R at 8.)

Petitioner further contends that extraordinary circumstances exist based on his limited English, low level of education and need to rely on others. (Obj. ¶¶ 4-5.) But the law is clear that those unfortunately commonplace factors do not suffice to reach the level of extraordinary circumstances. *See, e.g., Sanchez v. United States*, No. 10-CR-392, 2021 WL 2481836, at *3 (S.D.N.Y. June 7, 2021) (collecting cases); *Gonzalez v. Rikers Island Warden*, No. 14-CV-6749, 2017 WL 9674495, at *4 (E.D.N.Y. Dec. 11, 2017) (same), *report and recommendation adopted*,

2018 WL 1283683 (E.D.N.Y. Mar. 13, 2018), *appeal dismissed*, No. 18-1349, 2018 WL 5753377 (2d Cir. Sept. 24, 2018); *Huang v. United States*, No. 03-CV-3755, 2003 WL 22272584, at *3 (S.D.N.Y. Oct. 2, 2003) (same).[1]  Moreover, the documents that Petitioner attached to his Objections – putting aside his failure to provide to the Magistrate Judge – and his litigation of this case show that Petitioner in fact had English-language help throughout the period following his conviction, including in the period he wishes to toll.  (ECF No. 29-3.)  *See Ortiz v. Chappius*, No. 17-CV-1311, 2018 WL 8967560, at *6 (N.D.N.Y. Aug. 24, 2018) (record belied claim that illiteracy prevented petitioner from timely filing, as "fact remains that he has been able to, either alone or in conjunction with the assistance of other inmates, actively participate in collateral attacks to his state court conviction and the present petition").

Finally, Petitioner argues that Respondent moving to dismiss on timeliness grounds somehow amounts to a concession that Petitioner has valid grounds for relief.  (Obj. ¶ 6.)  This contention is frivolous.  Where the lack of timeliness is a threshold issue that may avoid the need for full briefing on the merits, a motion to dismiss is an efficient way to proceed.  A party that moves to dismiss on timeliness grounds is not conceding that the other party's position has merit; it is simply arguing that the other party waited too long.

In short, Petitioner's objections, which I have reviewed *de novo*, are without merit, and I find no error, clear or otherwise, in the the portions of the R&R as to which no objection has been raised.

---

[1] The Court will send Petitioner copies of unpublished decisions cited in this Order.

Accordingly, the R&R is adopted as the decision of the Court. The Petition is dismissed. As the Petition makes no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 5, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.